## Liability for Public Utility Assessments

KEITEL, Assistant Deputy Attorney General, July 30, 1940.—We have the request of the Pennsylvania Public Utility Commission to be advised concerning the proper interpretation of the proviso in section 1201(a) of the Public Utility Law of May 28, 1937, P. L. 1053, as amended by section 1 of the Act of September 28, 1938, P. L. 44, 66 PS §1461.

This proviso limits the amount which a public utility shall pay during any calendar year upon its assessed share of the commission's regulatory expenses, to one percent of the utility's gross intrastate operating revenues during its next preceding fiscal year. The commission particularly desires to know whether the balance of as-

sessments in excess of the one percent limitation for one year may be collected from the utility in subsequent years.

Section 1201(*a*) of the Public Utility Law reads as follows:

"Whenever the commission, in the performance of its duties under this act, shall conduct an investigation of the affairs of any public utility, involving an examination of the records or facilities thereof, such public utility shall pay to the commission a sum equal to the salaries paid to commission employes while engaged in such examination, together with such traveling and subsistence expenses of said employes as may be directly attributable to such examination: *Provided, however, That the amount so paid by any public utility during any one calendar year shall not exceed one per centum of the gross intrastate operating revenues thereof during its next preceding fiscal year.*" (Italics supplied.)

This proviso plainly limits only "the amount so *paid* by any public utility *during any one calendar year*" to one percent of the gross intrastate operating revenues.

Therefore, we are of the opinion that the statute does not limit the amount which a public utility may ultimately have to pay for the cost of a special investigation, but merely limits the amount which may be "paid . . . during any one calendar year" on account of such cost.

Accordingly, you are advised that section 1201(*a*) of the Public Utility Law requires a public utility to reimburse the Pennsylvania Public Utility Commission for the entire amount expended by the commission for such salaries, subsistence, and traveling expenses as may be attributable to a special investigation by the commission under that section; and that the excess over the one percent limitation for each calendar year contained in the proviso of that section should be paid to the commission in succeeding years, in accordance with such one percent limitation, until the entire cost of such investigation has been paid by the public utility.